IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:24–CR–15 |
| vs. | | ORDER |
| WAYNE D. ROLLING, | | |
| Defendant. | | |

The defendant in this case has pleaded guilty to one count of Hobbs Act Robbery under 18 U.S.C. § 1951 and one count of Brandishing a Firearm in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A). Before the Court is the defendant's oral Motion to Recuse and oral Motion to Strike made at the defendant's sentencing hearing on January 15, 2025. The defendant contends that the Government breached the plea agreement with the defendant and that the proper remedy is for the undersigned judge to recuse himself and strike any breaching documents from the record. Rather than proceed to sentencing the defendant at the hearing, the Court took these Motions under consideration. For the reasons stated below, the defendant's oral Motions are granted.

I. BACKGROUND

The plea agreement in this case provides in pertinent part, "Pursuant to Federal Rule of Criminal Procedure 11(c)(l)(C), the parties agree the defendant shall receive a guideline sentence." Filing 58 at 3. The Government explained, and the defendant did not dispute, that when the parties negotiated the plea agreement, both the Government and the defendant assumed that the defendant would qualify as a career offender for purposes of U.S.S.G. § 4B1.2. Indeed, the Probation Officer calculated the guidelines with the career offender enhancement applied, which resulted in a guideline custody range of 262 to 327 months. But the defendant objected to this enhancement,

1

arguing that Hobbs Act Robbery is not a crime-of-violence predicate under Section 4B1.2 of the 2021 Guidelines Manual, which the defendant argues should apply to avoid an ex post facto violation. Filing 69. Although the defendant acknowledges that the Eighth Circuit "has not directly addressed the issue," the defendant cited seven Courts of Appeals decisions from various circuits that directly support his position. Filing 70 at 6 (citing *United States v. Green*, 996 F.3d 176, 184 (4th Cir. 2021); *Bridges v. United States*, 991 F.3d 793, 800 (7th Cir. 2021); *United States v. Eason*, 953 F.3d 1184, 1194 (11th Cir. 2020); *United States v. Scott*, 14 F.4th 190, 195 (3d Cir. 2021); *United States v. Camp*, 903 F.3d 594, 604 (6th Cir. 2018), cert. denied, 139 S. Ct. 845, 202 L.Ed.2d 613 (2019); *United States v. O'Conno*r, 874 F.3d 1147, 1158 (10th Cir. 2017); *United States v. Prigan*, 8 F.4th 1115, 1119-22 (9th Cir. 2021)).

The Government opposed the defendant's objection. Filing 72. Apparently concerned that the Court would grant the defendant's objection, the Government also filed a Motion for Upward Variance, despite the plea agreement to a within-guidelines sentence. Filing 73. The Government's supporting memorandum states, "Should the Court agree with Rolling that he is not a career offender, the United States has filed a Motion for Upward Variance and will respectfully request a sentence significantly higher than what Rolling's guideline will be if he is not a career offender." Filing 74 at 1. After defense counsel notified the Court and the Government of his intent to argue that the Government breached the plea agreement by moving for an upward variance, the Government moved to withdraw its Motion for Upward Variance and supporting memorandum. Filing 79.

## II. LEGAL ANALYSIS

At the sentencing hearing, the defendant argued that the Government breached the plea agreement by moving for an upward variance. The appropriate remedy, the defendant contended, is the undersigned judge's recusal from this case under *Santobello v. New York*, 404 U.S. 257, 263

2

(1971), and its progeny. The Government conceded in its Motion to Withdraw, Filing 79, and at the sentencing hearing that it had breached the plea agreement by moving for an upward variance. But the Government argued at the hearing that it could cure the breach by withdrawing the breaching Motion. In response, the defendant argued that curative efforts can only succeed on collateral matters, not issues affecting sentencing, which require the undersigned judge's recusal. The Court agrees with the defendant.

In *Santobello*, the Supreme Court considered a case where the prosecutor failure "to keep a commitment concerning the sentence recommendation on a guilty plea required a new trial." 404 U.S. at 257–58. Despite the prosecutor's promise "to make no recommendation as to the sentence," the prosecutor nevertheless "recommended the maximum one-year sentence." *Id.* at 258–59. The sentencing court disclaimed any reliance on the prosecutor's recommendation, stating that he was "not at all influenced by what the District Attorney sa[id]." *Id.* at 259. The Supreme Court vacated the sentence and remanded the case, stating,

> We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration.

*Santobello*, 404 U.S. at 262–63. The Supreme Court further stated that the resentencing should be conducted "by a different judge" but "emphasized that this is in no sense to question the fairness of the sentencing judge." *Id.* at 263. The Supreme Court's apparent rationale was that, even where "the fault [ ] rests on the prosecutor, not on the sentencing judge," the presiding judge could be tainted by exposure to the Government's breach.

The Eighth Circuit has applied *Santobello* in several cases. In *United States v. Mosely*, 505 F.3d 804 (8th Cir. 2007), the Eighth Circuit remanded a case for resentencing before a different

3

district court judge where the prosecutor's argument that the defendant failed to accept responsibility contravened the parties' plea agreement. The district court "likely would have arrived at the same sentence, regardless of whether the government breached the plea agreement," as the court "itself recognized that the government could not contest acceptance of responsibility." *Id.* at 809. This lack of harm to the defendant was insufficient to prevent remand. Applying *Santobello*, the *Mosley* court stated that "whether the prosecution's breach influenced the trial judge's decision" was "immaterial." *Id.* at 810. Instead, "the government's breach of the plea agreement is not subject to traditional harmless-error analysis, and [ ] a remand for resentencing [wa]s required." *Id.* at 812. Although the Eighth Circuit questioned whether "the Supreme Court today would follow *Santobello*'s rejection of harmless-error analysis," it ultimately followed precedent and concluded "that harmless-error analysis does not apply." *Mosley*, 505 F.3d at 811.

In *United States v. Jidoefor*, 97 F.4th 1144 (8th Cir. 2024), *cert. denied*, No. 24-5685, 2024 WL 4743144 (U.S. Nov. 12, 2024), the Eighth Circuit affirmed a sentence where the Government inadvertently breached its promise "to send a letter to immigration authorities that was intended to influence their decision whether to remove Jidoefor from the United States because of his crimes in this country." *Id.* at 1151. The Government initially sent a letter to this effect but later breached the agreement when it mistakenly sent "a second letter stating the first letter was not the Office's official position." *Id.* at 1147. The Government subsequently "sent a third letter retracting the second letter and reaffirming" the initial letter. *Id.* The Eighth Circuit determined that the Government had effectively "cured" the breach such that a remand and resentencing before a different judge were unnecessary. *Id.* at 1152. The *Jidoefor* court emphasized that the breach was of "a collateral obligation not directly related to sentencing." *Id.* at 1151. In cases where "a collateral obligation not directly related to sentencing" is breached and subsequently cured, "the

4

breach [ ] become[s] immaterial and the district court has discretion to deny a further *Santobello* remedy." *Id.* The Eighth Circuit was careful to distinguish *Jidoefor* from "a *Mosley* type of case—where the government's breach was directly related to the sentence imposed." *Id.* In *Mosley*-type cases, "Even an unequivocal retraction of this type of breach cannot 'unring' the sentencing bell," and remand and resentencing before a different judge is required. *Id.*

The present case is "a *Mosley* type of case" because the Government's breach is "directly related to sentencing." *Id.* The plea agreement provides for a within-guidelines sentence, and the government moved for an above-guidelines sentence. The binding precedent discussed above demonstrates that proceeding to sentencing on this matter would be reversible error, even if the Court were to allow "an unequivocal retraction" of—and disclaim any reliance on—the Government's Motion for an Upward Variance. *Jidoefor*, 97 F.4th at 1151. The breach in this case is incurable.[1]

### III. CONCLUSION

Because the Government has incurably breached the plea agreement in this case, the undersigned has little choice but to recuse himself from the defendant's case. It would be senseless for the undersigned judge to sentence this defendant, only to have this case remanded on appeal and reassigned to a different judge for resentencing. *See* Fed. R. Crim. P. 2 (aiming "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness

---

[1] Although the Court has determined that binding Supreme Court precedent requires the undersigned judge's recusal in this matter, the Court agrees with the Eighth Circuit in *Mosley*, when it questioned whether "the Supreme Court today would follow *Santobello*'s rejection of harmless-error analysis." 505 F.3d at 811. The ultimate conclusion in *Santobello* that a federal judge is somehow irreparably compromised and can no longer handle a case when a prosecutor technically violates a plea agreement but withdraws the breach makes very little sense when applied to a case like this one. Argument at a hearing in this case illustrates both the government and defendant believed when the plea was negotiated that the defendant was going to be deemed a career offender under the sentencing guidelines and be subject to a dramatically higher guideline sentence than if the defendant was not a career offender. The plea deal was entered into based upon that assumption. Although the undersigned judge admittedly is willing to volley some criticism at a case decided by Supreme Court Justices 53 years ago, the reality is that the undersigned is bound by Supreme Court precedent, no matter when given, and whether the undersigned judge likes it or not. This Court will follow Supreme Court law, even when the reasoning and the result of the decision makes little sense.

in administration, and to eliminate unjustifiable expense and delay"). Avoiding this result constitutes "good cause" to have this case reassigned to another district court judge. NEGenR 1.4(a)(3)(A) ("The chief judge, with the assigned district judge's consent, may reassign a case to another district judge due to personal disqualification of the assigned district judge or other good cause."). The Court will also grant the defendant's oral Motion to Strike the Government's Motion for Upward Variance, accompanying memorandum, and Motion to Withdraw. Accordingly,

IT IS ORDERED:

1. The defendant's oral Motion to Strike is granted, and the Government's Motion for Upward Variance, Filing 73, accompanying memorandum, Filing 74, and Motion to Withdraw, Filing 79, are stricken;

2. The defendant's oral Motion to Recuse is granted, and the undersigned judge is recused from the above-captioned case as to defendant Wayne D. Rolling;

3. Codefendant Keith A. Hill's case shall remain assigned to the undersigned judge for disposition; and

4. The Clerk of Court shall prepare a reassignment order in accordance with NEGenR 1.4(a)(3)(A) and submit the order to Chief Judge Robert F. Rossiter for approval.

Dated this 22nd day of January, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge